IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


TEVARUS YOUNG                    )
                                 )
        v.                       )      NO. 3:11-0107
                                 )
SANDYA GUNASEKERA, et al.        )


TO:  Honorable Todd J. Campbell, Chief District Judge



**R E P O R T   A N D   R E C O M E N D A T I O N**

By Order entered February 24, 2011 (Docket Entry No. 3), this action was referred to the

Magistrate Judge to enter a scheduling order for the management of the case, to dispose or

recommend disposition of any pretrial motions 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct

further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure, and the

Local Rules of Court.

Presently pending before the Court is the Motion to Dismiss, or, alternatively, for Summary

Judgment filed by Defendant Sandya Gunasekera (Docket Entry No. 23), to which the plaintiff has

responded in opposition.  See Docket Entry No. 36.  For the reasons set out below, the Court

recommends that the Defendant's motions be granted and this action be dismissed.



**I. BACKGROUND**

The plaintiff is currently an inmate of the Tennessee Department of Correction ("TDOC")

confined at the Louis DeBerry Special Needs Facility ("DeBerry") in Nashville, Tennessee.  On

February 4, 2011, he filed this action pro se and in forma pauperis seeking damages under 42 U.S.C.

§ 1983 for alleged violation of his civil rights. Named as defendants to the complaint are Dr. Sandya Gunasekera, "the Extraction Team," and "the Nurses" at DeBerry Special Needs Facility. <u>See</u> Complaint (Docket Entry No. 1).

The plaintiff suffers from mental illness which is treated with medication by TDOC medical care providers. He alleges that while incarcerated at DeBerry on November 23, 2010, he was forcibly administered a shot of "Prolixm" despite his verbal refusal of the drug. The plaintiff alleges that he was not combative, yet an extraction team handcuffed him and shocked him with an electric shield while the nurses injected him with the medication. He contends that the drug causes him to suffer side effects and that Defendant Gunasekera is "playing my conservatire" (sic). <u>See</u> Complaint, at 6.

By the Order of referral, process was issued to the three defendants. However, by Order entered April 22, 2011 (Docket Entry No. 13), the plaintiff was advised that process for "the Nurses" and "the Extraction Team" was returned unexecuted and that process could only be served upon specifically identified defendants and not upon defendants identified only by generic terms. Defendant Gunasekera filed an answer (Docket Entry No. 16) to the complaint, and a scheduling order (Docket Entry No. 17) was entered to facilitate pretrial activity in the action.

In her motion, Defendant Gunasekera contends that the action warrants dismissal because the plaintiff failed to exhaust his administrative remedies prior to filing the action. Alternatively, Defendant Gunasekera argues that the there is no evidentiary support for a claim that she violated the plaintiff's constitutional rights in any manner and that she is entitled to qualified immunity from the plaintiff's damages claims.

In her supporting affidavit (Docket Entry No. 26-1), Defendant Gunasekera summarizes the mental health treatment provided to the plaintiff from July 2009, when he entered the TDOC, to November 2010. She states that at the time the plaintiff was incarcerated he was taking Remeron, an anti-depressant medication, and was later prescribed injections of Haladol, an anti-psychotic medication, after he was transferred to DeBerry from the West Tennessee Correctional Complex ("NWCX") on April 7, 2010, because of his complaints about depression and flashbacks. Id. at ¶¶ 4-6. The plaintiff remained at DeBerry until April 26, 2010, when he was transferred back to the NWCX. Defendant Gunasekera asserts that the plaintiff's medical records indicate that his mental health deteriorated and he refused to take his medications after he was transferred back to the NWCX, resulting in his being transferred back to DeBerry on August 17, 2010. Id. at ¶¶ 7-8.

Defendant Gunasekera states that the plaintiff continued to refuse his medications at DeBerry during the Fall of 2010, and that his mental health continued to deteriorate to the point that, on November 4, 2010, she referred his medical chart to the Treatment Review Committee ("TRC"), which is a team of mental health professionals at DeBerry who have the authority to order that the plaintiff be forcibly medicated if deemed medically necessary. Id. at ¶¶ 8-12. She asserts that the TRC ultimately recommend that the plaintiff be involuntary treated and that a conservatorship be sought on his behalf. Id. at ¶ 13. Defendant Gunasekera states that, on November 21, 2010,[1] Dr. William Mays, the head of the TRC, ordered that the plaintiff be given an involuntary injection of Prolixin after he refused the medication and that he was injected with the medication after being

_____

[1] Although the plaintiff alleges that the incident occurred on November 23, 2010, it appears from the affidavit of Defendant Gunasekera (Docket Entry No. 26-1) and supporting exhibits (Docket Entry No. 26-2 and 26-3) that the incident actually occurred on November 21, 2010, which the Court will assume is the correct day of the incident.

subdued by a DeBerry extraction team. Id. at ¶¶ 15-16. Defendant Gunasekera denies that she ordered that any medications be forcibly administered to the plaintiff, denies acting as his conservator, and denies taking any actions in contravention of the administration of appropriate mental health treatment to him.

In response to the motion, the plaintiff submits his response to the defendant's "Rule 56.03 (sic)[2] Statement of Undisputed Material Facts." See Docket Entry Nos. 25 and 36. The plaintiff argues that Defendant Gunasekera inappropriately discontinued the medications which he had been taking and should not have recommended his referral to the TRC, which ultimately led to the Prolixin injections. He contends that he received the injection every three weeks and that he has suffered side effects from the medication.

## II. STANDARDS OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all of the allegations contained in the complaint, resolve all doubts in the plaintiff's favor, and construe the complaint liberally in favor of the pro se plaintiff. See Kottmyer v. Maas, 436 F.3d 684 (6th Cir. 2006); Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999); Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987). However, although the complaint need not contain detailed factual allegations, the plaintiff must provide the grounds for his entitlement to relief and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating Conley v.

---

[2] Presumably, the defendant was referring to Local Rule 56.01(b).

Gibson, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).  See also Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

The factual allegations supplied must be enough to show a plausible right to relief. Twombly, 550 U.S. at 555-61.  More than bare assertions of legal conclusions are required to withstand a motion to dismiss and the complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory.  Id.; Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-37 (6th Cir. 1988).  The Court need not accept as true legal conclusions or unwarranted factual inferences.  See Gregory v. Shelby Cnty., 220 F.3d 433, 446 (6th Cir. 2000).  Although Rule 8 of the Federal Rules of Civil Procedure does not constitute a "hyper-technical, code-pleading regime," it "does not unlock the doors of discovery for a Plaintiff armed with nothing more than conclusions."  Iqbal, 129 S.Ct. at 1950.  A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'"  Id. at 1949 (quoting Twombly, 550 U.S. at 557).

A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Rule 56(a) of the Federal Rules of Civil Procedure.  See also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).  In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial."  Sowards v. Loudon Cnty., 203 F.3d 426, 431 (6th Cir.), cert.

denied, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000).  In reviewing a motion for summary judgment, the Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion."  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Gribcheck v. Runyon, 245 F.3d 547, 550 (6th Cir.), cert. denied, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party.  Anderson, at 249-50.  However, "[t]he moving party need not support its motion with evidence disproving the non-moving party's claim, but need only show that 'there is an absence of evidence to support the non-moving party's case.'"  Hayes v. Equitable Energy Res. Co., 266 F.3d 560, 566 (6th Cir. 2001) (quoting Celotex Corp., 477 U.S. at 325).

"Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint."  Goins v. Clorox Co., 926 F.2d 559, 561 (6th Cir. 1991).  The party opposing the motion for summary judgment may not rely solely on the pleadings but must present evidence supporting the claims asserted by the party.  Banks v. Wolfe Cnty. Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003).  Moreover, conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment.  See Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990).  In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position; a mere

"scintilla of evidence" is insufficient.  Bell v. Ohio State Univ., 351 F.3d 240, 247 (6th Cir. 2003)

(quoting Anderson, 477 U.S. at 252).


## III. CONCLUSIONS

A. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997, states that:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

This statute requires a prisoner plaintiff to exhaust all available administrative remedies

before filing a lawsuit under 42 U.S.C. § 1983 in the district court.  Porter v. Nussle, 534 U.S. 516,

528, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); Booth v. Churner, 532 U.S. 731, 733, 121 S.Ct. 1819,

149 L.Ed.2d 958 (2001); Brown v. Toombs, 139 F.3d 1102, 1103-04 (6th Cir. 1998).  Although

exhaustion is mandatory under the PLRA, the failure of a prisoner plaintiff to satisfy the exhaustion

requirement is an affirmative defense that must be pled and proven by the defendant.  Jones v. Bock,

549 U.S. 199, 211-17, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007).

Attached to the plaintiff's complaint is the grievance he filed on January 3, 2011, in which

he stated:

I, tevarus young, am having my rights violated by Loise (sic) M. Deberry Special Needs Facility staff by forcing medical medication apom (sic) me.  When i by word of mouth refused it because it hurting my body.  On the date of 23 Nov i was handled brutwally (sic) by full body armor staff  it was on camera to take a shot of prolixin against my will after i verblely (sic) told the officer & seargent (sic) i do not want to be forced to take it.

See Docket Entry No. 1, at 9. The grievance was returned to the plaintiff the next day as inappropriate to the grievance procedure for the reason that " a diagnosis by medical professionals" is inappropriate per Policy #501.01VI.(H)(8). Id. at 8.

Defendant Gunasekera argues that the plaintiff's complaint should be dismissed because the plaintiff failed to exhaust his administrative remedies prior to filing the action. Specifically, the defendant contends that the grievance does not satisfy the exhaustion requirement because: (1) it did not name or identify Dr. Gunasekera and it was not directed at any actions taken by Dr. Gunasekera; and (2) the grievance was improper under TDOC policy because it was not timely filed within seven days of the incident in question and because it raised multiple issues. See Defendant's Memorandum in Support (Docket Entry No. 24), at 5.

The Court is not persuaded by Defendant Gunasekera's arguments. The Supreme Court in Jones rejected the theory that a prison grievance was per se inadequate under the PLRA simply because an individual later sued was not named in the grievance. Jones, 549 U.S. at 219. To the extent that Defendant Gunasekera contends that the grievance was not directed at actions taken by Dr. Gunasekera, the Court finds that the content of the grievance clearly concerned the events which form the crux of this action; namely, the plaintiff's objections to being forcibly administered medication by the DeBerry medical staff, which includes Defendant Gunasekera, in November 2010. The Sixth Circuit has noted that the "point of the PLRA exhaustion requirement is to allow prison officials "a fair opportunity" to address grievances on the merits, to correct prison errors that can and should be corrected and to create an administrative record for those disputes that eventually end up in court." Reed-Bey v. Pramstaller, 603 F.3d 322, 324 (6th Cir. 2010) (citing Woodford v. Ngo, 548 U.S. 81, 94-95, 126 S.Ct. 2378, 1656 L.Ed.2d 368 (2006)). The plaintiff's grievance

sufficiently served these purposes and alerted the DeBerry medical staff and officials to his objections about being forcibly medicated.

With respect to the defendant's argument that the grievance filed by the plaintiff did not comply with the timeliness and single issue requirements of the prison's policy regarding grievances, the Court notes that these purported shortcoming were not relied on by the prison officials as a basis for returning or dismissing the grievance. The Court will not deem the grievance to be insufficient for the purposes of the PLRA based upon alleged procedural shortcomings when those shortcomings were not relied on, or even raised, by the prison officials who reviewed the grievance in the first instance. See Reed-Bey v. Pramstaller, 603 F.3d 322, 325 (6th Cir. 2010). For this reason, the cases the defendant sets out in support of her argument, Scott v. Ambani, 577 F.3d 642, 647 (6th Cir. 2009), and Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 1656 L.Ed.2d 368 (2006), are unpersuasive and inapposite. In both cases, the prison grievance at issue was denied at the administrative level because it was untimely filed under the grievance procedures. Id.


B. Section 1983 Constitutional Claims

Defendant Gunasekera raises the defense of qualified immunity. The affirmative defense of qualified immunity shields government officials performing discretionary functions from liability for civil damages unless their conduct violates a clearly established statutory or constitutional right of which a reasonable person in the official's position would have known. See Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); Gardenhire v. Schubert, 205 F.3d 303, 310-11 (6th Cir. 2000). The purpose of the qualified immunity inquiry is to acknowledge that reasonable mistakes can be made as to the legal constraints on particular conduct, and the doctrine

protects all but the plainly incompetent or those who knowingly violate the law.  Dorsey v. Barber, 517 F.3d 389, 394 (6th Cir. 2008).  The first prong of the qualified immunity analysis involves determining whether a constitutional violation has occurred.  Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001); Sigley v. City of Parma Heights, 437 F.3d 527, 537 (6th Cir. 2006); Jackson v. Leighton, 168 F.3d 903, 909 (6th Cir. 1999).  If the Court finds that no violation has occurred and the first prong has not been satisfied, then the case must be dismissed.  Saucier, 533 U.S. at 201.[3]

In the instant action, the constitutional claims made by the plaintiff are not clearly set out in the complaint.  However, when given a liberal construction, his allegations can be read to assert claims that: 1) his Eighth Amendment rights were violated when "the extraction team" and nurses used excessive force against him during the involuntary administration of the Prolixin shot on November 21, 2010; 2) his Fourteenth Amendment due process rights were violated by the decision to involuntarily medicate him; and 3) his Eighth Amendment rights were violated by the adequacy of the medical care which he has been provided at DeBerry.

When a defendant raises a defense of qualified immunity, the plaintiff bears the burden of demonstrating that the defendant is not entitled to qualified immunity.  Silberstein v. City of Dayton, 440 F.3d 306, 311 (6th Cir. 2006).  The plaintiff has not met his burden of setting forth facts that could support a finding that his constitutional rights were violated by the actions of Defendant Gunasekera. Accordingly, the claims against Defendant Gunasekera warrant dismissal.

---

[3] In Pearson v. Callahan, 555 U.S. 223, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009), the United States Supreme Court clarified that rigid application of the two step qualified immunity analysis, which had been made mandatory in Saucier, was no longer the rule and that a court could dismiss a case based on either prong of the qualified immunity analysis.

Although it appears undisputed that Defendant Gunasekera was responsible for the underlying decisions about the treatment plan for the plaintiff at DeBerry and that she referred the plaintiff's situation to the TRC when he continued to refuse his medication, see Affidavit of Gunasekera (Docket Entry No. 26-1), at ¶¶ 8-10 and 12-14, Defendant Gunasekera sets forth evidence showing that she had no personal involvement in the events occurring in the plaintiff's cell on November 21, 2010, and had no personal involvement in making the decision to involuntarily medicate the plaintiff over his objections. Id. at ¶¶ 11-15 and 20. The plaintiff has not set forth evidence showing the personal involvement of Defendant Gunasekera in either the events of November 21, 2010, or in the decision making process which led to the involuntary administration of medication to him. Although the plaintiff argues that Defendant Gunasekera is acting as his conservator, he has not set forth any evidence clarifying what this means or how her actions in this regard violate his constitutional rights given the undisputed evidence provided by Defendant Gunasekera that the TRC was the decision maker regarding the decision to involuntary medicate the plaintiff. For any claim brought under Section 1983, there must be evidence showing the personal involvement of the defendant in the asserted constitutional claim. Greene v. Barber, 310 F.3d 889, 899 (6th Cir. 2002); Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999), cert. denied, 530 U.S. 1264, 120 S.Ct. 2724, 147 L.Ed.2d 988 (2000); Hardin v. Straub, 954 F.2d 1193, 1196 (6th Cir. 1992); Leach v. Shelby Co. Sheriff, 891 F.2d 1241, 1246 (6th Cir. 1989). Accordingly, the plaintiff's first two claims against Defendant Gunasekera warrant dismissal.

The plaintiff's final claim is that the medical care he was provided was constitutionally inadequate under the Eighth Amendment because the medications he had been prescribed and given are inappropriate and because the medications cause him to suffer side effects. The Court finds that,

even when all the evidence before the Court is viewed in the light most favorable to the plaintiff, there is no evidence supporting a claim that Defendant Gunasekera acted in a manner inconsistent with the plaintiff's constitutional right to adequate medical care.

For any claim under the Eighth Amendment based on allegations that medical care is unconstitutionally inadequate, there must be a showing of "deliberate indifference to the serious medical needs of a prisoner." Estelle v. Gamble, 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). A claim for deliberate indifference to a prisoner's serious medical needs has both a subjective and an objective component. See Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); Comstock v. McCrary, 273 F.3d 693, 702 (6th Cir. 2001). To satisfy the objective component, the plaintiff must allege that he has a "sufficiently serious" medical need. Comstock, 273 F.3d at 703. For the subjective component, the plaintiff must demonstrate that the defendant had a sufficiently culpable state of mind, in other words, that the official acted with "deliberate indifference" to the plaintiff's serious medical need. Farmer, 511 U.S. at 834. Although this standard does not require a showing that the defendant acted with a purpose or intent to inflict harm, the standard is not satisfied by a showing of negligence. See Comstock, 273 F.3d at 703; Estelle, 429 U.S. at 105 ("[A]n inadvertent failure to provide adequate medical care cannot be said to constitute" a violation of the Eighth Amendment). The plaintiff must show more than medical malpractice and negligence on the part of the defendant because the subjective requirement acts "to prevent the constitutionalization of medical malpractice claims." Comstock, 273 F.3d at 703. See also Whitley v. Albers, 475 U.S. 312, 319, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986).

In the instant action, the undisputed evidence belies any finding that Defendant Gunasekera acted with deliberate indifference towards the plaintiff's mental health treatment. He was clearly

not ignored and his serious medical needs were obviously acknowledged and active treatment was provided to him at DeBerry. The plaintiff's complaint against Defendant Gunasekera essentially involves his disagreement with the type of medication prescribed for him. However, when a prisoner has received some medical attention and the dispute is over the adequacy of that care, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law. Hill v. Jones, 211 F.3d 1269 (6th Cir.2000); Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Furthermore, deliberate indifference is not shown because "alternative procedures might have better addressed [a prisoner's] particular needs." Graham v. County of Washtenaw, 358 F.3d 377, 384 (6th Cir. 2004). To the extent that the plaintiff argues that he was prescribed the Prolixin based on a misdiagnosis, such an argument, at best, supports a claim of negligence which is not actionable under Section 1983.

## RECOMMENDATION

For the reasons set out above, the Court respectfully RECOMMENDS that the Motion to Dismiss, or, alternatively Motion for Summary Judgment filed by Defendant Sandya Gunasekera (Docket Entry No. 23):

1. be DENIED to the extent that the defendant seeks dismissal of this action under the Prison Litigation Reform Act based on a failure to exhaust argument; and

2. be GRANTED in all other respect and that Defendant Sandya Gunasekera be DISMISSED from the action WITH PREJUDICE.

The Court further recommends that this action be DISMISSED in its entirety because the plaintiff has not identified any other cognizable defendants in this action.

The Court RECOMMENDS that any appeal NOT be certified under 28 U.S.C. § 1915(a)(3) as taken in good faith.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,


_____
JULIET GRIFFIN
United States Magistrate Judge